**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

| | |
|---|---|
| In re:<br>CLARK-CUTLER-MCDERMOTT COMPANY, *et al.*,<br>Debtors. | Case No. 16-41188 (CJP)<br>Chapter 11 |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, *et al.*,<br>Plaintiffs,<br>v.<br>GENERAL MOTORS LLC,<br>Defendant. | Adv. Proc. No. 16-04083 |
| GENERAL MOTORS LLC,<br>Counter-Plaintiff,<br>v.<br>CLARK-CUTLER-MCDERMOTT COMPANY, CCM AUTOMOTIVE LLC, CCM AUTOMOTIVE LAFAYETTE LLC, AIRLOC LLC, DUFFY'S PARK LLC, AND CCM AUTOMOTIVE HILDEBRAN LLC<br>Counter-Defendants | |

**GENERAL MOTORS LLC'S**
**EMERGENCY MOTION TO AMEND CASE MANAGEMENT AND SCHEDULING ORDER AND FOR A PROTECTIVE ORDER**

Defendant/Counter-Plaintiff General Motors LLC ("GM") moves, pursuant to Rules 16(b)(4) and 26(c) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rules 7016 and 7026 of the Federal Rules of Bankruptcy Procedure, to amend the Case Management and Scheduling Order and for a protective order postponing depositions of certain KPMG and GM witnesses.

Pursuant to Local Rule 7016-1, GM sought concurrence in the relief requested in this Motion from Plaintiffs/Counter-Defendants on January 22 and 24, 2017. GM was unable to obtain such concurrence.

As grounds for the Motion, GM relies on the attached Brief in Support.

WHEREFORE, GM respectfully requests that the court (i) grant the Motion, (ii) amend the Case Management and Scheduling Order as proposed in **Exhibit I** to the attached Brief in Support, (iii) enter a protective order postponing all currently-noticed depositions; and (iv) grant GM such further relief as is just and proper.

Dated: January 25, 2017

Respectfully submitted,

By: /s/ Andrew M. Troop
Andrew M. Troop

Andrew M. Troop (BBO #547179)
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY 10036
(212) 858-1000
andrew.troop@pillsburylaw.com

-and-

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Joseph R. Sgroi (admitted *pro hac vice*)
Jeffrey K. Lamb (admitted *pro hac vice*)
Scott B. Kitei (admitted *pro hac vice*)
Robert M. Riley (admitted *pro hac vice*)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226
Telephone: (313) 465-7570
Facsimile: (313) 465-7571
Email: jsgroi@honigman.com

*Counsel for General Motors LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

| | |
|---|---|
| In re:<br>CLARK-CUTLER-MCDERMOTT COMPANY, *et al.*,<br>Debtors. | Case No. 16-41188 (CJP)<br>Chapter 11 |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, *et al.*,<br>Plaintiffs,<br>v.<br>GENERAL MOTORS LLC,<br>Defendant. | Adv. Proc. No. 16-04083 |
| GENERAL MOTORS LLC,<br>Counter-Plaintiff,<br>v.<br>CLARK-CUTLER-MCDERMOTT COMPANY, CCM AUTOMOTIVE LLC, CCM AUTOMOTIVE LAFAYETTE LLC, AIRLOC LLC, DUFFY'S PARK LLC, AND CCM AUTOMOTIVE HILDEBRAN LLC<br>Counter-Defendants | |

**GENERAL MOTORS LLC'S BRIEF IN SUPPORT OF EMERGENCY MOTION TO AMEND CASE MANAGEMENT AND SCHEDULING ORDER AND FOR A PROTECTIVE ORDER**

Despite Defendant/Counter-Plaintiff General Motors LLC's ("GM") diligent efforts to comply with the Case Management and Scheduling Order [Adv. Proc. Dkt. No. 33], significant discovery critical to the parties' claims and defenses in this adversary proceeding remains

outstanding, especially in light of Plaintiffs/Counter-Defendants'[1] dilatory tactics that are designed to deny GM the opportunity to defend itself from Plaintiffs/Counter-Defendants' claims. A 120-day extension of the scheduling order is necessary to allow GM a reasonable and fair opportunity to conduct discovery, prepare its defenses to Plaintiffs/Counter-Defendants' claims, and develop its recently-filed counterclaims.

In light of Plaintiffs/Counter-Defendants' intransigence, the Court should enter a protective order postponing the depositions of nonparty KPMG LLP's ("KPMG") witnesses, as well as three of GM's witnesses, until after GM has had sufficient time to review the more than 160,000 documents (comprised of more than half a million pages) that Plaintiffs/Counter-Defendants produced to GM, at least 135,000 of which were produced less than two weeks ago and 120,000 of which were produced on the final rolling production deadline under the Joint Discovery Plan [Adv. Proc. Dkt. No. 50].

There exist no exigent circumstances that warrant trial of a dispute over tens of millions of dollars on an expedited basis. Fundamental principles of due process and fairness to GM constitute good cause for a 120-day extension of the deadlines in the Case Management and Scheduling Order.

### A. Significant Fact Discovery Remains Outstanding on Plaintiffs'/Counter-Defendants' Claims

Plaintiffs/Counter-Defendants have steadfastly maintained their information advantage to deny GM an adequate opportunity to prepare its defenses to Plaintiffs/Counter-Defendants' claims. Plaintiffs/Counter-Defendants have been willing to push the pace of their case because they have

[1] Capitalized terms used but not defined herein have the meanings set forth in General Motors LLC's Answer, Affirmative Defenses, and Counterclaim to Plaintiffs' Amended Complaint and Jury Demand [Adv. Proc. Dkt. No. 73].

been in possession of the most crucial documents from key GM custodians since August 2016 and have had ample opportunity to review those documents and develop those claims. But Plaintiffs/Counter-Defendants have slow-walked their compliance with the Joint Discovery Plan—waiting until the last week to produce their documents and waiting until the very last day compliance was required to answer simple discovery requests. In fairness, GM is entitled to the same opportunity to review Plaintiffs/Counter-Defendants' documents and prepare its defenses to those claims and develop its own claims before discovery is closed.

**1. Plaintiffs/Counter-Defendants waited until the end of the rolling production period to produce more than 135,000 documents**

In August 2016, GM stipulated to produce on an extremely expedited basis documents in response to Plaintiffs/Counter-Defendants' *Joint Motion for an Order Directing Production of Documents and Examination Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* [Main Case Dkt. No. 117]. (*See* Main Case Dkt. No. 152.) But in their adversary proceeding, Plaintiffs/Counter-Defendants disregarded interim production deadlines in the Joint Discovery Plan and waited until the final week of the rolling production period to produce more than 135,000 documents, 120,000 of which they produced on January 13, 2017—the final deadline for substantial completion of document production. A summary of Plaintiffs/Counter-Defendants' document productions shows their transparent attempt to delay and significantly prejudice GM:

**Plaintiffs/Counter-Defendants' Document Production**

| Date Received | Documents | Pages |
|---|---|---|
| December 2, 2016[2] | 0 | 0 |
| December 16, 2016 | 0 | 0 |
| December 22, 2016 | 4 | 998 |
| December 29, 2016 | 23,841 | 57,087 |
| January 10, 2017 | 15, 801 | 38,607 |
| January 12, 2017 | 121,823 | 420,170 |
| January 12, 2017 | 70 | 1,585 |
| **Total** | **161,539** | **518,447** |

GM immediately began reviewing Plaintiffs/Counter-Defendants' documents, but has not been afforded a meaningful opportunity to comprehend them, verify the completeness of the production, and prepare for depositions in less than two weeks. Plaintiffs/Counter-Defendants have had a five-month head start on developing their case and this information asymmetry in Plaintiffs/Counter-Defendants' favor is severely prejudicial to GM. Proceeding under the current case deadlines only serves to reward Plaintiffs/Counter-Defendants' intransigence and exacerbate that disparity when there are no exigent circumstances other than Plaintiffs/Counter-Defendants' self-serving desire to move quickly and exploit their current information advantage.

As just one example of the resulting prejudice to GM, GM cannot proceed with expert discovery without a proper analysis of Plaintiffs/Counter-Defendants' financial records. Under the current case schedule, expert reports are due in 7 days. In light of the more than 160,000

---

[2] The Joint Discovery Plan set rolling production deadlines of December 2, 2016, December 16, 2016, and January 13, 2016.

documents produced, GM has not yet had an opportunity to determine whether Plaintiffs/Counter-Defendants' production even includes financial records and, if it has, whether those records are complete. The Debtors' financial records are essential to GM's defense of Plaintiffs/Counter-Defendants' claims and necessitate engaging an expert witness to review, analyze, and prepare to testify about the Debtors' financial condition. These records could have been immediately produced at the outset of discovery. They were not. There is no reason, legal or otherwise, to compel GM to conduct these significant discovery tasks, including rushed expert discovery, on an expedited basis.

In sum, there exists good cause for a 120-day extension of the case schedule given the substantial discovery that remains outstanding on Plaintiffs/Counter-Defendants' claims alone.

**2. Plaintiffs/Counter-Defendants improperly redacted numerous documents and communications involving KPMG**

Plaintiffs/Counter-Defendants have noticed depositions of KPMG witnesses for January 30 and 31 without consulting GM and irrespective of important open discovery issues that substantially impact fair examination of these critical non-party witnesses. When Plaintiffs/Counter-Defendants finally produced the Debtors' communications with KPMG during the week of January 13 (some 18,000-plus documents just two weeks ago), they improperly redacted at least 43 emails and withheld from production an unknown additional number. (*See, e.g.*, **Exs. A-D**.[3]) Plaintiffs/Counter-Defendants' claims squarely place their relationship and communications with KPMG at the heart of this case. (*See* Amend. Compl. ¶¶ 27-29.) Plaintiffs/Counter-Defendants cannot selectively redact information that bears directly on the

[3] Exhibits B, C, and D contain information Plaintiffs/Counter-Defendants designated as "Confidential" pursuant to the Stipulated Protective Order [Main Case Dkt. No. 205]. Pursuant to that Stipulated Protective Order, GM has filed on the public docket redacted versions of those exhibits (though the exhibits themselves contain redactions in the first instance). (*Id.* at ¶ 11.) GM will contemporaneously serve on Plaintiffs/Counter-Defendants, and deliver to the Court Clerk, unredacted versions of those exhibits as they were produced to GM. (*Id.*)

nature of the their relationship with KPMG and Plaintiffs/Counter-Defendants' allegation that "GM enlisted . . . KPMG to take over CCM's business and financial operations" (*Id*. at 27), while at the same time refusing to produce communications that inform the nature and scope of the work KPMG performed for the Debtors. *Columbia Data Products, Inc. v. Autonomy Corporation Limited, et al.*, Case No. 11-12077, 2012 WL 6212898, *18 (D. Mass. Dec. 12, 2012) (holding that the plaintiff "cannot use [its nonparty auditor's] status and work as an independent auditor as a 'sword' against the defendants, while relying on the attorney-client privilege and the work product doctrine as a 'shield' to prevent disclosure of related materials."). GM is entitled to full discovery of the Debtors' relationship with KPMG. This is precisely the type of open discovery issue that remains unresolved and which constitutes good cause for both an extension of the case schedule and the postponement of the KPMG depositions.[4]

**3. Plaintiffs/Counter-Defendants Have Not Yet Responded to Four Sets of Discovery Requests**

Other fact discovery too remains incomplete and unlikely to be meaningfully completed under the current schedule. On January 12, 2017, GM served its *Third Request for Production of Documents to Plaintiffs* (**Ex. E**) and *First Set of Interrogatories to Plaintiffs* (**Ex. F**). These requests seek information related to both Plaintiffs/Counter-Defendants' claims and GM's defenses. Plaintiffs/Counter-Defendants have not yet responded to either set of discovery. Similarly, immediately after filing its Counterclaim, on January 23, 2017, GM served its *Fourth Request for Production of Documents to Plaintiffs* (**Ex. G**) and *Second Set of Interrogatories to Plaintiffs* (**Ex. H**). These discovery requests seek information related to GM's Counterclaims.

---

[4] Moreover, at this point, it is unclear how many documents Plaintiffs/Counter-Defendants have outright withheld from their production as allegedly privileged. GM suspects Plaintiffs/Counter-Defendants have withheld a significant volume of responsive information under the guise of privilege, without having had the opportunity to examine a privilege log or otherwise test the self-imposed limitations Plaintiffs/Counter-Defendants placed on their production.

It is beyond dispute that GM is entitled to responses to its discovery requests. Absent Plaintiffs/Counter-Defendants' responses, GM remains prejudiced in its ability to prepare for and defend depositions of key witnesses. And to the extent GM must conduct follow-up discovery or motion practice related to Plaintiffs/Counter-Defendants' responses, the current deadlines in the Case Management and Scheduling Order eliminates the opportunity for meaningful follow-up and judicial intervention if necessary.

**B. Fact Discovery on GM's Counterclaims Has Only Just Begun**

At the Court's direction, on January 20, 2017, GM filed counterclaims seeking damages in excess of $40 million. GM's counterclaims raise new issues that are outside the scope of Plaintiffs/Counter-Defendants' claims and that necessitate extending the scheduling order, including Plaintiffs/Counter-Defendants' (i) breach of GM's purchase orders; (ii) breach of the Interim Accommodation Agreement in multiple ways; (iii) breach of the Notes and Security Agreement; (iv) fraudulent inducement with respect to the collateral for the Notes and Security Agreement; (v) negligent misrepresentation with respect to the collateral for the Notes and Security Agreement; and (vi) fraudulent inducement of certain payments GM made to the Debtors on July 6-7, 2016. (*See* GM's Answer to Am. Compl., Aff. Defenses, and Counterclaim [Adv. Proc. Dkt. No. 73].)

Plaintiffs/Counter-Defendants' response to GM's counterclaims is not even due until February 13, 2017—two days before the current close of discovery. And until Plaintiffs/Counter-Defendants answer GM's counterclaims, it is impossible to know the scope of the outstanding issues necessary for GM to prove its counterclaims. Thus, in addition to its unanswered discovery requests outlined above, GM deserves an opportunity to fully develop its counterclaims and prepare its substantial case following Plaintiffs/Counter-Defendants' answer to those counterclaims. This is yet another independent basis for amending the scheduling order.

### C. The Court Should Enter a Protective Order Postponing Depositions until Discovery Is Complete

Rule 26(c) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7026 of the Federal Rules of Bankruptcy Procedure, empowers the Court, for good cause shown, to issue an order protecting a party from annoyance, embarrassment, oppression, or undue burden or expense. This case presents a textbook example of the need for such an order. Simply put, depositions of KPMG and GM witnesses should be postponed until after GM has had an opportunity to review Plaintiffs/Counter-Defendants' voluminous and last-minute document production and resolve any attending discovery disputes, including a dispute over Plaintiffs' unsupportable claim of privilege between the Debtors and KPMG, as their communications go to the core of Plaintiffs/Counter-Defendants' claims against GM as well as one of GM's fraud claims (Count VI). As *Columbia Data Products* makes clear, there is no justification whatsoever for Plaintiffs/Counter-Defendants to withhold or redact any communications with KPMG, and their refusal to immediately provide a complete production wrongly impairs GM's ability to prepare for the KPMG depositions as currently noticed on January 30 and 31 in Boston. Allowing those depositions to go forward is completely unnecessary, unworkable, and prejudicial to GM, especially in light of Plaintiffs/Counter-Defendants' currently-noticed deposition dates for GM's witnesses—February 1 and 2—in Detroit.

And as further explained above, Plaintiffs/Counter-Defendants did not produce their communications with KPMG until not quite two weeks ago and then improperly redacted scores of emails and improperly withheld who knows how many more. The Court should not permit Plaintiffs/Counter-Defendants to plead claims predicated on the nature of the Debtors' relationship with KPMG and simultaneously allow Plaintiffs/Counter-Defendants to selectively produce only the information that suits them, all the while on a timeline that prejudices GM. GM cannot

adequately prepare to depose KPMG representatives without fulsome productions from the Plaintiffs/Counter-Defendants, and good cause exists for a protective order postponing those depositions until a reasonable amount of time after that production is certified as complete and any outstanding disputes are resolved.

With respect to the depositions of GM's witnesses, as the Court suggested, GM proposed dates before the current February 15 discovery cutoff, on the condition that Plaintiffs/Counter-Defendants agree to a reasonable extension of the case schedule so that GM would have sufficient time to develop its claims and defenses. Plaintiffs/Counter-Defendants noticed the depositions for the dates GM offered, but refused to engage in any discussion regarding the extension of discovery despite GM's repeated requests. Maintaining the current case schedule prejudices GM and good cause exists to enter a protective order postponing all depositions until written discovery has been answered, document production is complete, and Plaintiffs/Counter-Defendants' assertion of privilege with respect to KPMG has been resolved.

**D. Conclusion**

For these reasons, GM respectfully requests that the Court (i) grant the Motion, (ii) amend the Case Management and Scheduling Order as proposed in the attached **Exhibit I**, (iii) enter a protective order postponing all currently-noticed depositions; and (iv) grant GM such further relief as is just and proper.

Dated: January 25, 2017

Respectfully submitted,

By: /s/ Andrew M. Troop
Andrew M. Troop

Andrew M. Troop (BBO #547179)
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY 10036
(212) 858-1000
andrew.troop@pillsburylaw.com

-and-

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Joseph R. Sgroi (admitted *pro hac vice*)
Jeffrey K. Lamb (admitted *pro hac vice*)
Scott B. Kitei (admitted *pro hac vice*)
Robert M. Riley (admitted *pro hac vice*)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226
Telephone: (313) 465-7570
Facsimile: (313) 465-7571
Email: jsgroi@honigman.com

*Counsel for General Motors LLC*